THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEREMIAH DEDRICK, Respondent, *v.* WALTER N. THAYER, JR., Superintendent of State Institution for Defective Delinquents at Napanoch, Appellant.

Third Department, November 12, 1925.

Crimes — rape, first degree — incompetent persons — relator was committed to Matteawan State Hospital for Criminal Insane after indictment, to be returned to sheriff for trial after he was cured — relator was thereafter properly transferred under Insanity Law, § 140, to State Institution for Defective Delinquents at Napanoch — he cannot be returned for trial.

The relator, who was indicted for rape in the first degree, but before the trial was committed to the Matteawan State Hospital for the Criminal Insane, under an order directing his detention there until his sanity was restored and that he then be returned to the sheriff of Greene county to stand trial under the indictment, was, after his insanity was cured, properly transferred to the State Institution for Defective Delinquents at Napanoch, under section 140 of the Insanity Law, on the recommendation of the medical superintendent of the Matteawan State Hospital, on the ground that he was still a mental defective, and he cannot be returned to the sheriff of Greene county for trial under the indictment.

The statute, rather than the original order under which the relator was committed, controls.

REARGUMENT of an appeal by Walter N. Thayer, Jr., from an order of the County Court of the county of Ulster, entered in the office of the clerk of said county on or about the 11th day of November, 1924, sustaining a writ of habeas corpus. (See 214 App. Div. 831.)

*Albert Ottinger, Attorney-General [Henry C. Henderson, Deputy Attorney-General,* of counsel], for the appellant.

VAN KIRK, J.:

The order appealed from directs that Jeremiah Dedrick be released from the State Institution for Defective Delinquents at

Napanoch, N. Y., to be returned to the county of Greene pursuant to the directions of the original order committing him to Matteawan State Hospital for the Criminal Insane. Jeremiah Dedrick, on November 15, 1921, was indicted by the grand jury of Greene county under a charge of rape in the first degree. Before trial, and after proceedings regularly had and an order of the Supreme Court regularly made, Dedrick was committed to the Matteawan State Hospital as an insane person, to be detained there until his sanity was restored; whereupon he was to be returned to the sheriff of Greene county to stand trial under the indictment. On or about June 28, 1922, the provisions of the statute having been complied with and it having been shown that he was no longer insane, but that he was, in the opinion of the medical superintendent, mentally defective, he was transferred to, and when this proceeding was instituted was still confined in, the State Institution for Defective Delinquents at Napanoch, N. Y.

Section 140 of the Insanity Law, renumbered from section 120 by chapter 59 of the Laws of 1912, as amended by chapter 230 of the Laws of 1922, contains the following: "Any inmate held on the order of a court or judge in a criminal proceeding who, in the opinion of the medical superintendent, is a mental defective and who does not show evidence of insanity may be transferred by the State Commission for Mental Defectives to a State institution under their jurisdiction on the application of the superintendent accompanied by a certificate of mental defect executed by two qualified examiners." Dedrick had been legally committed to the Matteawan State Hospital (Code Crim. Proc. §§ 658, 659) and he was legally transferred to the Institution for Defective Delinquents at Napanoch, where, at the time this proceeding was instituted, he remained as a ward of the State. Although he was not insane he remained an incompetent person, that is, a defective delinquent or a "mental defective," as defined in the Mental Deficiency Law, and was entitled to protection from prosecution by the State. The statute, rather than the original order under which Dedrick was committed, controls.

The order appealed from should be reversed and the prisoner remanded to the superintendent of the Institution for Defective Delinquents at Napanoch.

All concur.

Order reversed on the law and prisoner remanded to the superintendent of State Institution for Defective Delinquents at Napanoch.